JOHN S. PICKETT, Jr., Judge Pro Tern.
This suit resulted from an automobile-locomotive collision that occurred at the intersection of Sallier Street and Ryan Street, in the City of Lake Charles, Louisiana, on March 19, 1980. At the point of intersection Sallier Street, which has a railroad running down the middle of it, and which also accommodates vehicular traffic on both sides of the tracks, runs generally east and west and Ryan Street runs generally north and south.
The automobile involved in the collision was a 1969 Chevrolet, owned by Jerome Daly and being driven, with his consent, by *490 his daughter, Carolyn Daly. Paula Hathaway was a guest passenger in this vehicle. The locomotive was owned by Missouri Pacific Railroad Company and being operated by its employees at all pertinent times. The tracks on which the train was travel-ling at the time of the collision belonged to the Lake Charles Harbor and Terminal District, hereinafter referred to as LCH & TD.
As a result of this collision Jerome Daly and Carolyn Daly filed suit against both the Missouri Pacific Railroad Company, and Lake Charles Harbor & Terminal District. Jerome Daly alleged damage to the vehicle and Carolyn Daly sought to recover for personal injuries, and related damages.
Both alleged negligence on the part of Missouri Pacific and/or the LCH & TD in carelessly maintaining the intersection of Sallier and Ryan Streets by not providing warning lights, gates or any other devices to warn of an approaching train. More specifically plaintiffs alleged that Missouri Pacific negligently and unlawfully failed to warn of the engine’s approach as well as failed to stop in obedience to the traffic signal which disfavored the engine, as well as failing to stop prior to impact.
Defendants denied any negligence on their part, and alleged that Carolyn Daly was guilty of negligence which was the sole proximate and contributing cause of the accident.
Missouri Pacific and LCH & TD, availing themselves of the provisions of Louisiana Code of Civil Procedure Article 966, et seq., each filed a motion for summary judgment against plaintiffs, which motions were tried and submitted, and taken under advisement by the trial judge.
The pertinent portion of C.C.P. Art. 966 provides:
“.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
The district court rendered judgment in favor of defendants, and assigned written reasons. Incorporated in these written reasons by reference, were the written reasons set forth in a companion suit, “Paula Hathaway v. Missouri Pacific Railroad Company and LCH & TD”, docket No. 81-1511, Fourteenth Judicial District Court, Calcasieu Parish, wherein the district judge had previously granted defendants’ motion for summary judgment.
Plaintiffs appealed, assigning four specifications of error. The court is only concerned with two of these, as will be noted, which are alleged to be as follows:
“1. The district court erred in granting summary judgment to defendants Missouri Pacific and LCH & TD against plaintiffs Jerome and Carolyn Daly since there remain genuine issues of material fact to be resolved by the jury.
2. The district court erred in weighing and evaluating evidence which functions are reserved to the jury.”
The district court sustained the motion for a summary judgment on the premise that Carolyn Daly “was negligent in violating her statutory duty to stop to permit the passage of the railroad engine and for failing to see what she could have seen.” That is, that the burden placed on Carolyn Daly by law rendered her negligent under the circumstances.
The statutory duty referred to by the district court is set forth in R.S. 45:563[1], which was in effect at the time of the occurrence of the accident which is the subject of this litigation.
R.S. 45:563 relates to statutory duties placed upon operators of motor vehicles approaching railroad crossings, and provides in pertinent part, as follows:
*491 “No person shall drive or propel any automobile or other motor driven vehicle upon the intersection of a railroad track and a public highway or municipal street at grade crossing without first stopping at a distance of not less than ten feet nor more than fifty feet from the nearest track and looking for approaching trains.”
“In the trial of all actions to recover personal injury or property damages sustained by any driver of such motor driven vehicle by collision of his vehicle and a train in which action it may appear that the driver violated this section, the question of whether the violation was the sole or proximate cause of the accident and injury is for the jury to determine regardless of the penalizing feature of R.S. j5:56j. That the violation of this section shall not affect recovery for damages and the question of negligence or violation shall be left to the jury. Furthermore, the contributory negligence statutes of Louisiana shall apply in these cases as in other cases of negligence.” (Emphasis supplied).
The trial court, in arriving at a decision to sustain the motion for summary judgment, noted that any negligence on the part of Ms. Daly would bar recovery since the accident occurred prior to the adoption of comparative negligence. The trial court also reviewed conflicting statements regarding what appear to be material facts, and evaluated them. For example, there was a question regarding whether Ms. Daly did or did not have a green light at the intersection; whether or not the locomotive would have stopped regardless of whether the traffic light was red or green; and whether this intersection was a true “grade crossing”, i.e., crossing of a railroad location by a highway or street on the same level with the railroad, within the intendment of R.S. 45:563, since it was also an intersection of two city streets, controlled by an ordinary red and green traffic signal, and therefore constituted a “trap” for motorists.
In the plain language of R.S. 45:563, which was controlling at the time of the accident sued on, the question of both negligence and contributory negligence were questions for the jury, in a case of this kind.
In addition, this court held, in the case of Mecom v. Mobil Oil Corporation, 299 So.2d 380, (La.App. 3rd Cir.1974), writ denied, 302 So.2d 308 (La.1974), as follows:
“The reading of conflicting evidence on a material fact has no place in summary judgment procedure.”
For these reasons the judgment of the district court is reversed, and the case is remanded for further proceedings. Appel-lees are cast with all costs of this appeal, costs at the trial level to await a final determination of this matter.
REVERSED AND REMANDED.
GUIDRY, J., concurs in the result.

. R.S. 45:563 was repealed by Act 669, Sec. 3, of 1982 and the subject matter of the repealed section is now found in the amendment of sub-part F of Part 4 of Chapter 1 of Title 32 of the Louisiana Revised Statutes.